N THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHAINE ALAN BOOTH                                                                                         PLAINTIFF

vs.                                              Civil No. 6:11-cv-06018

MICHAEL J. ASTRUE                                                                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Shaine Alan Booth ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), a period of disability, and disabled adult child benefits under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff filed his disability applications on December 20, 2004.  (Tr. 55-58).  In his applications, he alleged he was disabled due to poor coordination; pain in his lower back from standing and sitting causing bruising and pain in tail bone; being slow to recognize things; memory

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

problems; temper; and mood swings. (Tr. 69, 73, 80, 83, 86). Plaintiff alleged an onset date of November 23, 2004. (Tr. 55). These applications were denied initially and again on reconsideration. (Tr. 34-35).

Thereafter, on September 10, 2008, Plaintiff's administrative hearing in this matter was held. (Tr. 291-329). This hearing was held in Hot Springs, Arkansas. *Id.* Plaintiff was present and was represented by Shannon Carroll at this hearing. *Id.* Plaintiff, Plaintiff's mother, and Vocational Expert ("VE") Dianne Smith testified at this hearing. *Id.* On the date of this hearing, Plaintiff was twenty-two (22) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained his GED. (Tr. 297).

On November 4, 2008, the ALJ entered an unfavorable decision denying Plaintiff's request for disability benefits. (Tr. 17-25). In this decision, the ALJ determined Plaintiff could file as a disabled adult child under his father (who was fully insured), and he was insured on his own through June 30, 2009. (Tr. 23-24, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date. (Tr. 24, Finding 2). The ALJ determined the following regarding the severity of Plaintiff's impairments:

> The medical evidence establishes that the claimant has an organic personality disorder with mild memory loss, history of substance abuse, and no severe physical impairments. He has a history of the following injuries from a motor vehicle accident in 2004: pneumothorax, resolved; closed head injury, lung contusion with respiratory failure, and pharyngeal dysphagia with left vocal cord paralysis (resolved) (Exhibits C1F-C9F), but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4 and No. 16.

(Tr. 24, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.

2

(Tr. 24, Findings 4-5). First, the ALJ found Plaintiff's subjective allegations were not supported by the overall evidence and were not fully credible. *Id.* Second, the ALJ found Plaintiff retained the capacity to perform the following:

> The claimant retains the residual functional capacity for semi-skilled jobs at all exertional levels. "Semi-skilled" jobs involve work where interpersonal contact is routine but superficial and the complexity of the tasks is learned by experience with several variables. Semi-skilled work requires use of judgment within limits, and supervision required is little for routine tasks but detailed for non-routine tasks. I find that he has a mild restriction of activities of daily living, moderate difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence, and pace, and no episodes of decompensation.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 24, Finding 6). The VE testified at the administrative hearing regarding this issue. (Tr. 291-329). Based upon that testimony, the ALJ determined Plaintiff's PRW included work as a cart-pusher (unskilled, medium) and as a sandwich maker (unskilled, medium). *Id.* Based upon his RFC, the ALJ determined Plaintiff was not precluded from performing his PRW. (Tr. 25, Finding 10). Accordingly, because he could perform his PRW, the ALJ determined Plaintiff was not under a "disability" as defined by the Act at any time through the date of his decision. (Tr. 25, Finding 11).

On November 21, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 9). *See* 20 C.F.R. § 404.968. On November 4, 2008, the Appeals Council denied this request for review and notified Plaintiff that the ALJ's decision was the final decision in this action. (Tr. 10-12). On March 18, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 12, 2011. ECF No. 5. Plaintiff filed his appeal brief on August 15, 2011, and Defendant filed his brief on September 13, 2011. ECF Nos. 10-

11. This case is now ready for decision.

2.      **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See*

4

42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the following: (A) the ALJ erred by failing to evaluate the severity of his impairments under the Listings; and (B) the ALJ erred by concluding he retained the RFC to perform his PRW. ECF No. 10. Defendant responded and argues that substantial evidence supports the ALJ's finding that his impairments do not meet or equal the requirements of the Listings and argues that substantial evidence supports the ALJ's RFC determination. ECF No. 11. This Court will address both Plaintiff's arguments.

**A.    Listings Evaluation**

Plaintiff claims his impairments meet the requirements of Listings 12.02, 12.04, 12.06, and

12.08. ECF No. 10 at 11-16. First, Plaintiff claims his impairments meet the requirements of Listing 12.02 (Organic Mental Disorders). Listing 12.02 requires a "[h]istory and physical examination or laboratory tests" that demonstrate "the presence of a specific organic factor judged to be etiologically related to the abnormal mental state and loss of previously acquired functional abilities." Plaintiff claims his motor vehicle accident is "etiologically related" to his memory impairment, changes in personality, disturbance in mood, and other alleged problems. Plaintiff has, however, not provided any medical documentation demonstrating a relationship between his alleged impairments and his motor vehicle accident. Thus, this Court finds Plaintiff cannot establish he meets the requirements of Listing 12.02.[2]

Second, Plaintiff claims his impairments meet the requirements of Listing 12.04 (Affective Disorders). Specifically, according to his briefing, it appears Plaintiff claims to meet the requirements of Subpart C for Listing 12.04. Under Subpart C, Plaintiff is required to provide a "[m]edically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support . . . ." Plaintiff claims he has provided this information because he has "been diagnosed with bipolar syndrome and depressive syndrome." ECF No. 10 at 14. Plaintiff has not, however, provided this Court with any specific reference in the transcript demonstrating he has been diagnosed with bipolar syndrome and depressive syndrome. *Id.* This Court also finds none. Plaintiff also has not demonstrated that those impairments are severe

---

[2] Plaintiff claims this lack of documentation is the fault of his consulting physician, Dr. Charles Spellman, Ph.D.. ECF No. 10 at 12. Based upon the records from Dr. Spellman, however, it appears he did not find this testing to be necessary. (Tr. 265-269). Further, Plaintiff–not Dr. Spellman–has the responsibility of demonstrating he meets the requirements of this Listing. *See Thomas v. Sullivan,* 928 F.2d 255, 260 (8th Cir. 1991) (holding that the burden of proof remains at all times on Plaintiff to prove disability and present the strongest case possible). Thus, this Court finds Plaintiff's argument on this issue is without merit.

enough to meet the requirements of Listing 12.04. *Id.* Plaintiff has the burden of demonstrating he meets the requirements of this Listing. *See Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004). Because Plaintiff has not met that burden, this Court finds he does not meet the requirements of Listing 12.04.

Third, Plaintiff claims his impairments meet the requirements of Listing 12.06 (Anxiety-Related Disorders). To meet the requirements of Listing 12.06, Plaintiff has to have *medical documentation* of "generalized persistent anxiety"; "a persistent irrational fear of a specific object, activity, or situation which results in a compelling desire to avoid the dreaded object, activity, or situation"; "recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror and sense of impending doom occurring on the average of at least once a week"; "recurrent obsessions or compulsions which are a source of marked distress"; or "recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress."

Based upon his briefing, the only "medical documentation" Plaintiff provided in support of his claim that he meets the requirements of this Listing is a note from Therapeutic Family Services wherein he allegedly demonstrated having a "risk behavior." ECF No. 10 at 14. Upon review, the record demonstrates Plaintiff only received treatment from Therapeutic Family Services from March 17, 2005 through April 4, 2005 or roughly two weeks. (Tr. 188-257). Even if Plaintiff is correct in his claim that these medical records demonstrate "risk behavior," such a brief evaluation or treatment does not provide the medical document necessary to establish Plaintiff meets Listing 12.06. Thus, this Court finds Plaintiff's argument on this Listing is also meritless.

Fourth, Plaintiff claims his impairments meet the requirements of Listing 12.08 (Personality Disorders). Plaintiff broadly made the claim that he meet these requirements in his briefing, but he

has not provided any argument on this issue. ECF No. 10 at 11. Because Plaintiff has provided no argument on this issue, this Court finds Plaintiff has not demonstrated this claim, and will not address this Listing further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" appellant's conclusory assertion that ALJ failed to consider whether he met certain listings where appellant provided no analysis of relevant law or facts).

### B.   PRW Determination

Plaintiff claims the ALJ improperly determined he retained the RFC to return to his PRW. ECF No. 10 at 16-21. Plaintiff bases this argument upon the testimony of the VE. *Id.* Plaintiff claims the VE testified that if he needed "constant supervision," he would be unable to work. *Id.* Plaintiff claims that because he needs "constant supervision," he is unable to work. *Id.*

Upon review, this Court finds Plaintiff's claim that he requires "constant supervision" is not supported by the record in this case. On July 5, 2005, Plaintiff underwent a consultative examination conducted by Dr. Spellman. (Tr. 265-269). Based upon this examination, Dr. Spellman found Plaintiff did not have two or more areas with significant limitations in adaptive functioning. (Tr. 268). During this examination, Plaintiff also reported being able to perform a wide range of daily activities, including housework, washing dishes, doing laundry, cleaning, going back and forth between his mother's and girlfriend's house, watching television, helping his girlfriend with housework, sometimes going to the lake, and playing basketball to try to improve his strength. (Tr. 19-20, 22, 267). It is also worth noting that Plaintiff told Dr. Spellman he planned to get more education and perhaps be an x-ray technician. (Tr. 267).

In his function report, Plaintiff stated he was able to clean, make his bed, wash dishes, and cook. (Tr. 100). When asked how well he handled changes in routine, he said that he tried to adjust.

(Tr. 104). In terms of his social activities, he stated he spends time with others, watches television, and uses the computer. (Tr. 102). Further, he stated he had no problems getting along with family, friends, neighbors, or others. (Tr. 103). He reportedly got along fine with authority figures and had never been laid off or fired from a job because of problems getting along with others. (Tr. 104).

As for his concentration, persistence, and pace, Plaintiff reported no problem with memory, concentration, understanding, or following instructions, but he did indicate he had problems completing tasks. (Tr. 103). However, despite this fact, he reported being able to follow instructions okay and stated he did not need reminders to take care of his personal needs or take his medicine. (Tr. 100-103). The record demonstrates Plaintiff has only received very sporadic treatment from his alleged onset date through April 4, 2005 (date of his last treatment record). While this may arguably *support* he is claim that he is unable to consistently attend anything, it is also worth noting that at the time of the hearing in this matter, Plaintiff was able to live alone with his girlfriend (who worked full-time) and their 2-year-old daughter. (Tr. 299-300, 302). Clearly, if Plaintiff is able to perform a wide variety of daily activities and stay alone all day while his girlfriend is working, he could obtain some type of medical treatment and presumably work without "constant supervision."

Further, the ALJ found it significant that subsequent to his alleged disability onset date of November 23, 2004, Plaintiff worked and earned $1,107.89 in 2005, $7,914.35 in 2006, and $10,566.06 in 2007. (Tr. 18-19, 22, 59-63). The ALJ noted that his highest earning year was in 2007, which was after his alleged onset date. (Tr. 22). The fact Plaintiff could earn this amount after his alleged onset date indicates he could perform his PRW.

Plaintiff has suggested his assessed GAF score of 45 demonstrates he suffers from severe mental limitations. ECF No. 10 at 2. On March 31, 2005, Plaintiff was assessed as having a GAF

score of 45.  (Tr. 221).  This is, however, a one-time GAF assessment score that does not reflect a continuous impairment over a prolonged period of time.  *Cf. Pate-Fires v. Astrue,* 564 F.3d 935, 944 (8th Cir. 2009) (holding that a history of low GAF scores below 50 may indicate a serious mental impairment).  Further, based upon this record, it appears this medical assessment was made without examining Plaintiff.  *Id.*  The report stated: "Evaluation *not based* on my direct examination of a client within last 45 (Valid up to 45 days)." *Id.* (emphasis added).  Accordingly, this Court finds the ALJ properly discounted this one-time GAF score.  Also, based upon this review of the transcript in this case, this Court finds the ALJ properly relied upon the VE's testimony that a hypothetical person with Plaintiff's limitations could return to his PRW and did not require "constant supervision."

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 5th day of April, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE